UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARVIOUS P., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-01007-RLY-TAB |
| | ) |
| ANDREW M. SAUL Commissioner of the Social Security Administration, | ) ) ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL**

**I.   Introduction**

Plaintiff appeals the Social Security Administration's denial of her application for disability insurance benefits. The arguments Plaintiff raises on appeal essentially all relate to one underlying issue: the ALJ's treatment of Plaintiff's alleged symptoms. Plaintiff broadly claims the ALJ failed to properly address SSR 16-3p, ignored evidence supporting Plaintiff's subjective symptoms, used unlawful reasoning, and misstated Plaintiff's limitations. Plaintiff's cursory arguments ultimately fall short. As explained in more detail below, the ALJ's analysis satisfied SSR 16-3p. The ALJ's decision was detailed, well-reasoned, and supported by substantial evidence. Accordingly, Plaintiff's request for remand should be denied.

**II.     Background**

Plaintiff filed an application for a period of disability and disability insurance benefits. The Social Security Administration denied her claims initially and upon reconsideration. After a hearing, the ALJ determined that Plaintiff was not disabled.

The ALJ considered Plaintiff's claim for benefits according to 20 C.F.R. § 404.1520(a) and 416.920(a). First, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2018. Subsequently, at step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, the ALJ found that Plaintiff had the following severe impairments: osteoarthritis of the right hand, degenerative joint disease of the right shoulder, degenerative disc disease of the lumber spine with a herniated disc, and diabetes mellitus. The ALJ noted that these impairments significantly limit the ability to perform basic work activities as required by SSR 85-28.

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Before reaching step four, the ALJ found that Plaintiff had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c), except:

> [Plaintiff] can never climb ladders, ropes, or scaffolds. She can never work around hazards. She can occasionally climb ramps or stairs. She can frequently balance, stoop, kneel, crouch, or crawl. She should avoid concentrated exposure to temperature extremes, humidity, and pulmonary irritants. She can occasionally reach overhead with the right arm.

[Filing No. 5-2, at ECF p. 15.]

Next, at step four, the ALJ determined that Plaintiff could perform past relevant work as a daycare center worker. The ALJ concluded that Plaintiff was not disabled.

2

**III.     Discussion**

Plaintiff broadly argues that the ALJ ignored evidence supporting Plaintiff's subjective symptoms and used unlawful reasoning in finding Plaintiff's statements inconsistent with the objective evidence.  Plaintiff also claims that the ALJ misstated Plaintiff's limitations and daily activities.  The Court reviews the ALJ's decision to determine whether the ALJ's factual findings are supported by substantial evidence.  *See, e.g., Biestek v. Berryhill*, __ U.S. __, __, 139 S. Ct. 1148, 1153 (2019) ("On judicial review, an ALJ's factual findings. . . shall be conclusive if supported by substantial evidence." (Internal quotation marks omitted)).  "The court is not to reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of the Commissioner.  Where substantial evidence supports the ALJ's disability determination, we must affirm the decision even if reasonable minds could differ concerning whether the claimant is disabled."  *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (internal citations, quotation marks, and brackets omitted).

Plaintiff specifically contends that the ALJ failed to properly address SSR 16-3p, which describes the two-step process an ALJ should complete when evaluating an individual's alleged symptoms.  First, the ALJ must determine whether the individual has an underlying medically determinable impairment that could reasonably be expected to produce the alleged symptoms.  Second, the ALJ must evaluate the intensity and persistence of the alleged symptoms to determine to what extent those symptoms limit the individual's ability to perform work-related activities.  *See* SSR 16-3p.

In this case, the ALJ reasonably considered the factors under SSR 16-3p and applied them to the record evidence in assessing Plaintiff's alleged symptoms.  After reviewing the evidence on record, the ALJ found, in line with the first step, that Plaintiff's "medically

determinable impairments could reasonably be expected to cause the alleged symptoms[.]" [Filing No. 5-2, at ECF p. 16.]  The ALJ concluded at the second step, however, that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in [the ALJ's] decision."  [Filing No. 5-2, at ECF p. 16.]

Plaintiff claims that the ALJ failed to articulate her application of SSR 16-3p in assessing Plaintiff's symptoms.  [Filing No. 7, at ECF p. 12.]  At one point in her brief on appeal, Plaintiff claims that the only reason the ALJ provided for her finding was that the medical records did not fully support Plaintiff's alleged symptoms.  Plaintiff then contradicts this statement in the very next paragraph, noting that the ALJ did report some of her daily activities, including working part-time at a daycare and completing light housekeeping tasks on her days off.  [Filing No. 7, at ECF p. 14.]

In fact, the ALJ referenced in her decision:  Plaintiff's subjective reported symptoms, the objective medical evidence, the record medical opinions, and Plaintiff's daily living activities.  The ALJ found that Plaintiff's medical records did not fully support Plaintiff's allegations.  [Filing No. 5-2, at ECF p. 16.]  The ALJ elaborated on the inconsistencies between the record and Plaintiff's alleged symptoms, such as that many treatment records were remote or as much as 10 years prior to Plaintiff's alleged onset date.  [Filing No. 5-2, at ECF p. 17.]  The ALJ also noted that the record medical evidence showed largely normal to mild physical exam and imaging results, including that Plaintiff had a normal gait and only mild degenerative changes.  [Filing No. 5-2, at ECF p. 17.]  Additionally, the ALJ referenced Plaintiff's daily activities, which included working part-time five days a week at a daycare and performing housekeeping on her days off.  [Filing No. 5-2, at ECF p. 17.]

In relation to her daily living activities, Plaintiff alleges that the ALJ failed to consider that her daily activities were "considerably less strenuous than the ALJ suggested." [Filing No. 7, at ECF p. 15.] On the contrary, the ALJ's decision demonstrates obvious consideration to the limitations Plaintiff faced when completing those daily activities. The ALJ referred to Plaintiff's testimony that she worked 4.5 hours per work at a daycare and that after she finished working she would be tired and wanted to rest. [Filing No. 5-2, at ECF p. 15.] The ALJ mentioned that Plaintiff "specifically stated that she experiences lower back pain. She stated that she is not required to lift the heavier children or pick up toys because of back pain. She also stated that she does not sweep or mop, because she is too tired from working." [Filing No. 5-2, at ECF p. 15.] The ALJ also noted, however, that Plaintiff sometimes completed light housekeeping tasks on her days off. Plaintiff cites to no additional facts or evidence in the record to support her claim that the ALJ erred in assessing her daily activities or somehow overstated them. Plaintiff also claims that the ALJ relied on her part-time employment as justification that she could work full time. But there is no indication anywhere in the ALJ's decision that she gave Plaintiff's part-time work improper weight. The ALJ only referenced her park-time work when describing one of several factors the ALJ considered when assessing Plaintiff's subjective symptom allegations.

Plaintiff then cites to the general proposition that an ALJ "cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding." *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010). Yet Plaintiff provides no proof that the ALJ was picking cherries and ignoring evidence in this case. Plaintiff claims, without citing any record evidence whatsoever, that the ALJ failed "to even acknowledge serious symptoms" and "skirted [her] duties to consider all the evidence." [Filing No. 7, at ECF p. 15.]

5

Upon review, the Magistrate Judge finds no evidence that the ALJ was selective in her analysis of the record evidence. On the contrary, it appears the ALJ was thorough and well-reasoned.

Plaintiff also argues that the ALJ's decision failed to explain or provide evidentiary support for the ALJ's conclusion regarding the length, frequency, or intensity of Plaintiff's bouts of severe pain. Plaintiff asserts that she has established that she suffers from degenerative disc disease, degenerative joint disease, and osteoarthritis and argues these are types of impairments that can reasonably be expected to cause pain. [Filing No. 7, at ECF p. 17.] The ALJ agreed. The ALJ directly acknowledged in her decision that Plaintiff suffered from these severe medically determinable impairments. The ALJ cited medical imaging from 2008 and 2012 that indicated Plaintiff suffered from degenerative joint disease and osteoarthritis, respectively. The ALJ also explicitly found these impairments "significantly limit the ability to perform basic work activities as required by SSR 85-28." [Filing No. 5-2, at ECF p. 14.] But the ALJ found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. The ALJ referenced Plaintiff's physical exam on September 4, 2015, during which Plaintiff's lower extremity examination showed no inflammation and Plaintiff exhibited full strength in all muscle groups. Moreover, while Plaintiff had a limited range of motion at her cervical spine, thoracic spine, and lumbar spine at the September 4 examination, on September 22, 2015, an x-ray showed normal findings of the cervical spine and only minimal degenerative changes of the lumbar spine. [Filing No. 5-2, at ECF p. 16.] Plaintiff once again cites no additional record evidence or medical opinion that the ALJ allegedly ignored or improperly evaluated. It is not the role of the Court to reweigh the evidence. *See, e.g., Summers v. Berryhill*, 864 F.3d 523, 526

6

(7th Cir. 2017) ("Our review is deferential; we will not reweigh the evidence or substitute our judgment for that of the ALJ.").

Moreover, the ALJ accounted for any necessary limitations in determining Plaintiff's RFC. As noted above, the ALJ concluded that Plaintiff had the RFC:

> to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except [Plaintiff] can never climb ladders, ropes, or scaffolds. She can never work around hazards. She can occasionally climb ramps or stairs. She can frequently balance, stoop, kneel, crouch, or crawl. She should avoid concentrated exposure to temperature extremes, humidity, and pulmonary irritants. She can occasionally reach overhead with the right arm.

[Filing No. 5-2, at ECF p. 15.] Plaintiff cites no medical opinion in the record concluding that she needed further limitations to account for her alleged symptoms or impairments.

Finally, Plaintiff concludes her argument by citing generally to case law describing how an ALJ's decision "cannot be upheld when the reasoning process employed by the decision maker exhibits deep logical flaws," *Carradine v. Barnhart*, 360 F.3d 751, 756 (7th Cir. 2004), and that the ALJ must form a logical bridge between the evidence and result of the ALJ's decision, citing *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996). But these are broad, general assertions. Plaintiff offers no specific analysis in this case exposing deep logical flaws in the ALJ's analysis, or otherwise disrupting the bridge the ALJ built that links the evidence and the result.

As explained above, the ALJ reasonably considered Plaintiff's subjective symptom complaints but found that her statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the record evidence. "We may disturb the ALJ's credibility finding only if it is patently wrong. Here, the ALJ's determination was not patently wrong because of the many specific reasons the ALJ cited from the record." *Burmester*, 920 F.3d at 510 (internal citation and quotation marks omitted). Thus, the ALJ adequately

7

addressed Plaintiff's alleged symptoms and the ALJ's decision was supported by substantial evidence.

### IV.   Conclusion

In sum, Plaintiff failed to carry her burden of proving disability, and the ALJ's decision is supported by substantial evidence.  The ALJ cited Plaintiff's subjective symptom statements, the objective medical evidence, Plaintiff's largely normal to mild physical exams and imaging, Plaintiff's daily living activities, and the record medical opinions in reaching her conclusion.  For these reasons, the Commissioner's decision should be affirmed.  Accordingly, the Magistrate Judge recommends that the Court deny Plaintiff's brief in support of appeal and request for remand.  [Filing No. 7.]

Any objection to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1).  Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Date: 9/30/2019

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email